## ECHEVARRÍA ET AL. v. ALERS ET AL.

### APELACIÓN procedente de la Corte de Distrito de

### Mayagüez.

No. 11.   Resuelto en Febrero 25, 1905.

PARTICIÓN DE LA HERENCIA.—ACREEDORES.—RESCISIÓN.—Las disposiciones del
    art. 1000 del Código Civil tienen aplicación solamente á aquellos casos en que
    los herederos hubieran aceptado la herencia á beneficio de inventario.
ID.—PRETERICIÓN DE UN ACREEDOR.—Las disposiciones del art. 1047 del Código
    Civil no tienen aplicación á aquellos casos en que habiendo figurado todos los
    herederos en la partición de la herencia, hubiera sido excluído solamente un
    acreedor de uno ó varios herederos.
ID.—PARTICIÓN HECHA EN FRAUDE DE ACREEDORES.—La partición de la herencia
    hecha en fraude de acreedores puede ser rescindida si apareciere que éstos
    no tienen otro medio de hacer efectivos sus créditos, y que el deudor ó here-
    dero no tiene otros bienes sino los que le hubieren sido adjudicados por virtud
    de tal partición.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Arnaldo y García
Cuervo.*

Abogado de los apelados: *Sr. Acuña* (Eduardo).

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del
Tribunal.

En la fecha de la partición de la herencia proindivisa
de Venancio Esteves y Serrano, Felix Echevarría tenía
una hipoteca de ($5,321-43) cinco mil trescinetos veinte
y un pesos y cuarenta y tres centavos contra Isabel Alers

Beauchamps, y Segundo Esteves Alers, sobre dicha herencia que les correspondía como viuda y heredero de la misma. La citada cantidad era pagadera en plazos anuales, principiando en 1o. de marzo de 1895 y terminando en igual fecha de 1899. Los herederos y acreedores de la herencia de Venancio Esteves, en 4 de Marzo de 1902, otorgaron ante un notario público, un escrito de partición, en el cual repartieron entre ellos toda la herencia, sin notificación á Echevarría, y sin tener participación éste en la misma.

Fallecido Félix Echevarría y Conti, y verificada la partición de su herencia, Doña Felícita Maissonave de la Rosa se hizo dueña de la citada hipoteca, y la traspasó á José Echevarría, Doña Ignacia Echevarría y Doña Herminia Echevarría y Maissonave, registrándose dicho traspaso en el Registro de la Propiedad de Aguadilla.

No estando conformes los demandantes con la partición de la referida herencia, entablaron esta demanda para la rescisión y nulidad de la misma, alegando que la parte más mala de la finca, herencia de Venancio Esteves, había sido fraudulentamente adjudicada á la viuda, Doña Isabel, y al heredero Don Segundo, fijando una valoración ficticia de ($10,915.20) diez mil novecientos quince pesos veinte centavos, moneda provincial, equivalentes á ($6,599.12) seis mil quinientos noventa y nueve dollars doce centavos, oro Americano, mientras que el verdadero valor sólo alcanzaba á ($3,204.00) tres mil doscientos cuatro dollars, y de esta manera se les ha defraudado de más de la mitad de la parte que de justicia les corresponde, y que no podían de otra manera alguna cobrar el montante de su crédito.

El pleito siguió los debidos trámites y después de verificar las pruebas y demás procedimientos necesarios, en 24 de Diciembre de 1903, la Corte de Distrito de Mayagüez dictó la siguiente sentencia:

"Sentencia.—En la ciudad de Mayagüez á veinte y cuatro de Diciembre de mil novecientos tres.—Visto en juicio oral civil este pleito, seguido entre partes, de la una como demandante, primeramente Doña Felícita Maissonave y de la Rosa, propietaria, vecina de Aguadilla, continuado luego por Doña Herminia, Doña Ignacia y Don José Echevarría, y Maissonave, propietarios, del mismo domicilio de Aguadilla, como cesionarios de Doña Felícita Maissonave, representados por el abogado Don José de Diego, y de la otra como demandados, Da. Isabel Alers, por su propio derecho y en representación de su menor hija Rafaela Esteves y Alers, Don Segundo, Da. Monserrate y Da. Mercedes de los últimos apellidos, propietarios, del domicilio de San Sebastián, defendidos por el Abogado Don Alfredo Arnaldo, y contra la sociedad mercantil disuelta, Plaja y Bravo, Don Victor Martínez y Martínez, del domicilio de esta ciudad, Da. María Santoni de Aramburu, vecina de Añasco, Don Merced Ortiz, Don Juan López y Nieves y como representante de la extinguida sociedad L. Orfila y Compañía Don Lorenzo Orfila y Hernández del domicilio de San Sebastián, en rebeldía en estos autos, sobre rescisión de particiones.

*Resultando*: Que por escritura No. 125 autorizada por el que fué Notario de San Sebastián, Don Victor Martínez, el trece de Abril de mil ochocientos noventa y cuatro, Doña Isabel Alers y Beauchamps y Don Segundo Esteves y Alers reeconocieron deber á Don Félix Echevarría y Conti, vecino de Aguadilla la cantidad de cinco mil trescientos veinte y un pesos cuarenta y tres centavos, de la moneda entonces circulante, de que era deudora la testamentaría de Don Venancio Esteves y Serrano, y de cuya deuda se hacían cargo la madre é hijo que la recibían en sí y de ella daban carta de pago, con la obligación de pagar la cantidad aludida con el interés del uno por ciento mensual por un año, ascendente éste á seiscientos treinta y ocho pesos cincuenta y siete centavos formando un total débito de cinco mil novecientos sesenta pesos que se constituyeron á satisfacer por quintas partes anuales, empezando la primera, montante á mil ciento noventa y dos pesos, el primero de Marzo de 1895 y las subsiguientes en igual día y mes de 1896 al de 1899, devengando dichas sumas el interés convenido del uno por ciento mensual que deberían satisfacer al vencimiento de las anualidades respectivas de la totalidad de la deuda pendiente á la sazón del pago, puestas dichas cantidades en la casa domicilio del acreedor Sr. Echevarría en buenas monedas de oro ó plata de circulación legal, y como garantía de la deuda

aludida é intereses que se devenguen más dos mil pesos que señalaron para gastos y costas de la cobranza, si hubiere que hacerse judicialmente, Da. Isabel Alers y su hijo Don Segundo Esteves, constituyeron hipoteca sobre la parte que indivisa les corresponde en los bienes relictos quedados al fallecimiento de su causante Don Venancio Esteves y Serrano por gananciales y herencia en concurrencia con los demás herederos, hipotecando á la vez Da. Isabel el predio de que era dueña en particular y distribuyendo la responsabilidad del gravamen en la forma siguiente: trescientas ochenta y seis cuerdas setenta céntimos, que forman parte de la hacienda Monserrate, que corresponde á la herencia de Don Venancio Esteves y Serrano, con los establecimientos que contiene, deberían responder de cinco mil novecientos sesenta pesos de la deuda, é intereses al primero de Marzo de 1895, y los más que se devenguen de esta fecha en adelante, otras ochenta cuerdas del propio haber hereditario, responderían de mil quinientos pesos parte de la cantidad señalada para costas, cuarenta y cinco cuerdas cincuenta y cuatro céntimos, propiedad particular de Da. Isabel Alers, responderían de los quinientos pesos restantes señalados para costas, escritura que aparece registrada en el de la propiedad de Aguadilla el veinte y tres de Febrero de 1895.

*Resultando*: que fallecido Don Félix Echevarría y Conti, se procedió á la distribución de su caudal, adjudicándose á Da. Felícita Maissonave y de la Rosa la obligación hipotecaria constituida por Doña Isabel Alers y Beauchamps, y su hijo Don Segundo Esteves y Alers, según testimonio de acta de protocolización autorizada por el Notario de Aguadilla Don Juan Mercader y Rodríguez.

*Resultando*: que con posterioridad y ya en marcha este pleito, el doce de Enero del año actual ante el citado Notario Mercader, Da. Felícita Maissonave y de la Rosa cedió á Don José, Da. Ignacia y Da. Herminia Echevarría y Maissonave el crédito referido, inscribiéndose en el registro de la propiedad de Aguadilla en veinte y cuatro de Marzo del año en curso.

*Resultando*: que el cuatro de Marzo de 1901 el Notario de esta ciudad Don Alfredo Arnaldo y Sevilla, por escritura No. 89, procedió á la protocolización de las operaciones divisorias del caudal dejado por Don Venancio Esteves y Serrano, inventariándose según aparece de dicha participación los bienes remanecidos al óbito

de aquél, entre los que figuran la Hacienda Monserrate, radicada en el barrio de Culebrinas, lugar del sonador, del término de San Sebastián, compuesta de dos fracciones, una de cuatrocientos sesenta y ocho cuerdas, seiscientas diez y ocho centésimas, con las colindancias que señala, y otra fracción que consta de doscientas cuarenta y seis cuerdas, ochocientas noventa y ocho centésimas, con los límites que le señala, los establecimientos que describe, una casa habitación de dos pisos, y otras dos más, con las deudas que especifica, dándole á esos bienes el valor que aparece de la divisoria, adjudicando á los acreedores, bienes para el pago de sus créditos respectivos, á Da. Isabel Alers y Beauchamps, nueve mil noventa y seis pesos por su parte de gananciales, y por la herencia de su hijo Don Ventura Esteves mil ochocientos diez y nueve pesos, veinte centavos de la moneda, todo provincial, y á Don Segundo Esteves y Alers mil ochocientos diez y nueve pesos, veinte centavos de la misma moneda, dándosele en pago á la viuda, por su mitad de gananciales, ciento seis cuerdas ochenta y nueve céntimos de terreno, segregadas de la porción descrita en segundo lugar de la Hacienda Monserrate con las colindancias que contiene, y que fueron tasadas en el mismo precio del crédito que le correspondía, adjudicándose otras treinta y ocho cuerdas para el pago de la herencia correspondiente á la herencia de Don Ventura Esteves, y á Don Segundo Esteves y Alers se le dió en pago una casa, tasada en ciento cincuenta pesos, moneda provincial y treinta cuerdas noventa y seis céntimos que se segregaron también de la hacienda Monserrate, y que fueron tasadas en mil seiscientos sesenta y nueve pesos veinte centavos, sin que en la divisoria mencionada aparezca Da. Felícita Maissonave; ni su causante.

*Resultando*: que fundado en lo expuesto, Doña Felícita Maissonave y de la Roca, exponiendo además que Don Venancio Esteves y Serrano, falleció bajo testamento en el que instituyó por herederos á Da. Monserrate, Da. Mercedes, Da. Rafaela, Don Segundo y Don Ventura Esteves y Alers, hijos legítimos del finado en su matrimonio con Da. Isabel Alers y Beauchamps, la viuda y su hijo Don Segundo Esteves, reconocieron la deuda de cinco mil trescientos once pesos cuarenta y tres centavos que su causante Don Venancio Esteves contrajo con Don Félix Echevarría como ya se ha dicho, y vencidos todos los plazos de la escritura, Da. Felícita Maissonave promovió ejecución sumarísima en cobro del crédito hipotecario, procedimiento que hubo de suspender después de desierta la primera subasta por

haber sabido que Da. Isabel Alers y su hijo Don Segundo confabu-
lados con los otros herederos de Don Venancio Esteves y Serrano
sin dar el menor aviso ni la más leve intervención á Da. Felícita á
cuyo favor habían los dos primeros hipotecado la parte que proin-
diviso les correspondía por gananciales y por herencia respectiva-
mente, practicaron las operaciones divisorias de los bienes relictos al
fallecimiento del Sr. Esteves y Serrano, adjudicándose á la viuda
Alers y Beauchamps, y al heredero Don Segundo Esteves. lo más
raquítico del caudal con valor ficticio que no cubre realmente la mitad
de la cuota que por gananciales y por legítima pertenece á la viuda
y al heredero mencionado, ni la mitad siquiera del importe de la
deuda que derivando del causante de la herencia, reconocieron como
propios de la Sra. Alers y el Sr. Esteves, bajo la garantía hipotecaria
de sus respectivas participaciones en el caudal referido, añadiendo,
que á la viuda Da. Isabel en pago de nueve mil noventa y seis pesos
moneda provincial, á que asciende según la testamentaría su parti-
cipación de gananciales, se le adjudicó: ciento diez y seis cuerdas
de terreno que se segregaron de la Hacienda Monserrate y al here-
dero Segundo Esteves una casa y treinta cuerdas de terreno, y á
los demás herederos, se les adjudicó bienes á expensa de los dos
anteriormente mencionados, que maliciosamente y para defraudar á
Da. Felícita Maissonave cubrían con exceso su hijuela, mientras que
la Da. Isabel y Don Segundo Esteves, recibieron dos pedazos
de tierra estéril y un miserable bohío cuyo valor dista mucho del
falso justiprecio con que aparecen en la testamentaría, arreglada y
amañada en la sombra para disminuir y anular la garantía prestada
á la Sra. Maissonave, recibiendo todos los acreedores bienes suficientes
á cubrir el importe de sus créditos, sin que ni una vez suene en la
testamentaría el nombre de Da. Felícita Maissonave, de lo cual
deducía que Da. Felícita Maissonave y de la Rosa á cuyo favor esta-
ban hipotecadas las participaciones indivisas de Da. Isabel Alers
por sus gananciales, de Don Segundo Esteves por su cuota legiti-
maria en la testamentaría de Don Venancio Esteves y Serrano, no
fué citada ni se le ofreció intervención al practicarse las operaciones
testamentarias, que aparecía completamente oculto en la testamen-
taría, al efecto de rezarcir á la viuda Sra. Alers, y al heredero Don
Segundo, el crédito que éstos aceptaron como propio, derivado del
causante de la herencia, que los bienes adjudicados á Da. Isabel
Alers por sus gananciales, y á Don Segundo Esteves por su legítima,
dotados de un valor ficticio en el inventario de la testamentaría no
cubren el valor real correspondiente á dichos partícipes en una justa

división, y por último y en resumen, que se había verificado en la misma testamentaría una defraudación, que alcanza á más de la mitad del importe del indicado crédito á favor de la Sra. Maissonave, defraudación que impugnaba por la vía civil, sin perjuicio de instar á su tiempo el oportuno procedimiento criminal, siendo de advertir que tal defraudación existe aún, contando con la mínima garantía que ofrece á la acreedora Sra. Maissonave la finca hipotecada por Da. Isabel Alers, como de su exclusiva propiedad, y que los deudores no tienen otros bienes que los ya referidos para responder del pago de la deuda; y con cita de los artículos 399, 403, 1073, 1083, 1076, 1291, inciso 3ro. 1299 del Código Civil y la Regla 63 de la Orden General No. 118, serie de 1899, terminó solicitando que previos los debidos trámites se dictase sentencia, declarando rescindida la partición de los bienes relictos al fallecimiento de Don Venancio Esteves y Serrano, protocolizada en la Notaría de Don Alfredo Arnaldo, por acta de fecha 4 de Marzo del año anterior, á fin de que se practicase una nueva partición en que pudiese intervenir la acreedora hipotecaria Da. Felícita Maissonave y de la Rosa, y en que se distribuyan legal y equitativamente entre deudores y herederos los bienes, con expresa condenación de costas á la parte que se opusiere.

*Resultando:* Que conferido traslado á la parte demandada, para que contestase la demanda en el término de veinte días, dentro del cual verificara también su comparecencia en el procedimiento, se personaron Da. Monserrate, Da. Mercedes y Don Segundo Esteves y Alers, y Da. Isabel Alers y Beauchamps quien á su vez representa á la menor Da. Rafaela Esteves y Alers, oponiéndose á la demanda, y después de aceptar varios hechos de la misma, expusieron: que en las participaciones llevadas á cabo al óbito de Don Venancio Esteves y Serrano, no había habido ni escándalo ni fraude, y en ellas los causantes de los derechos hereditarios de ellos en el acto de la participación, ya que el caudal hereditario se valuó en cincuenta y siete mil pesos, é importando las deudas treinta y ocho mil ochocientos ocho pesos, se hizo pago en primer término de las deudas, distribuyéndose entre los herederos los diez y ocho mil ciento noventa y dos pesos restantes en la forma y proporción que aparecían de la partición practicada: que lo inaudito y escandaloso hubiera sido que la demandante, que sólo es acreedora de la viuda y un heredero, se adjudicase cuanto quisiera del caudal hereditario, por encima de los acreedores del causante de la herencia, y de las legítimas de los demás herederos que nada le adeudan,

pues no era cierto que los herederos se hubiesen confabulado para
defraudar á la demandante, ni que en la partición se adjudicara á
la viuda y al heredero Don Segundo Esteves lo más raquítico del
caudal, y las porciones adjudicadas á los herederos fueron de igual
valor, dándose en pago á la viuda bienes para cubrir su haber en
la propiedad de gananciales, bienes que tanto á ella como al otro
heredero Don Segundo Esteves, cubrían con mucho exceso la can-
tidad que adeudan á la demandante: que debía tenerse en cuen-
ta que Don Venancio Esteves y Serrano dejó á su fallecimiento
cuatro mil pesos en metálico de que dispusieron para atenciones
propias la viuda y el heredero Don Segundo, y que aún cuando
se obligaron á devolverlos de la herencia, no han realizado la devo-
lución por la cual debía haberse traído esa cantidad á la parti-
ción y deducirse de lo adjudicado á la viuda y dicho heredero,
cosa que no se hizo por lo que se aumentó el haber de ambos, sien-
do, esta la manera como se han confabulado para defraudar: que
hacía más de ocho años que los herederos venían gestionando la par-
tición, y aún cuando en los primeros momentos ningún acreedor
quiso aceptar porción de terreno en pago de su crédito, aceptaron
al fin y en distintas fechas las hijuelas que para pago de sus cré-
ditos se formaron en la partición: que Don Merced Ortiz y Don
Juan López Nieve, hace diez años que aceptaron su hijuela, y hace
diez años que están en posesión de los terrenos adjudicados, los
Sres. L. Orfila y Ca., aceptaron hace cuatro años, y desde enton-
ces están en posesión de la finca que se les adjudica, y los acreedo-
res restantes aceptaron sus hijuelas en el acto de la partición, y
desde que se practicó se encuentran en posesión de las fincas que
les fueron adjudicadas; pero ni Don Felix Echavarría ni sus he-
rederos, ni su viuda, han aceptado nunca nada que no sea cobrar
en dinero y con sus intereses el importe de lo que la viuda y un he-
redero de Don Venancio Esteves le adeudan y cuando parecían tran-
sigir, pidieron siempre doscientas cincuenta cuerdas á su elección
de la Hacienda Monserrate, y como ni la viuda ni el heredero deu-
dores, alcanzaban ese haber, no hubo más remedio que practicar
la partición del caudal de Don Venancio Esteves en la forma que
se practicó, haciéndose constar, que antes de practicarse la par-
tición aludida, los herederos anunciaron á la demandante que iban
á hacerlo, y le ofrecieron cuanto pudieron ofrecer pero no fué po-
sible, no aceptó nada, fundándose en que la partición no se había
inscrito en el Registro de la Propiedad de Aguadilla: que no era
cierto que el precio en venta de lo adjudicado á  los acreedores

cúbra el importe de sus respectivas cuentas, por que hoy nada tiene precio, y es lo más probable, que si los acreedores quisieran realizar las fincas adjudicadas, no encontraran postor que llegara á ofrecer la mitad de sus créditos, y en ese mismo caso está lo adjudicado á la viuda y á los herederos en la partición, y mientras ni uno solo de los acreedores de Don Venancio Esteves y Serrano ha cobrado á sus herederos interés alguno por su crédito, en cambio los intereses del crédito que la demandante reclama supera á la deuda; y citando como puntos de su derecho los dos principios de que cuando la acción rescisoria se funda en el fraude, era preciso que el fraude existiese, y que las costas se imponían al litigante cuyas pretensiones fuesen totalmente desestimadas, terminó solicitando, que en su día se dictase sentencia declarando sin lugar la demanda, condenando á la parte demandante al pago de todas las costas.

*Resultando*: que las demás partes emplazadas en este pleito, no comparecieron á contestar la demanda, acusándoseles la rebeldía, en cuya situación para ellos, ha continuado el procedimiento hasta este momento.

*Resultando*: que señalado día para una comparecencia las partes que en este litigio intervienen, personadas en las actuaciones, propusieron prueba, que fué admitida por el Tribunal, y entre ellas la de perito, que aceptaron de su conformidad por acta ante el Juez Instructor, proponiendo á los agrimensores Don Vicente Viñas, vecino de Aguadilla, Don Sabás Honoré, de esta ciudad, y al Ingeniero Civil Don Ricardo Skerret, también domiciliado en esta ciudad.

*Resultando*: que Doña Isabel Alers según certificación del Secretario de la Corte, promovió ante el extinguido Juzgado de Aguadilla, expediente sobre quita y espera, presentando una relación de acreedores, ascendente á la suma de cincuenta y dos mil setecientos cincuenta y cinco pesos ochenta centavos.

*Resultando*: que según otra certificación del Secretario del Tribunal, Da. Felícita Maissonave entabló ejecución por el procedimiento sumarísimo, contra Da. Isabel Alers y Don Segundo Esteves, de que desistió con el objeto de promover una nueva reclamación que se relacionaba con dicho pleito, y la Corte le tuvo por desistida á su perjuicio.

*Resultando*: que señalado día para el juicio oral fueron oídas

todas las pruebas, ratificando los peritos su dictamen escrito, que se mandó agregar á los autos, y contestaron, que de común acuerdo habían hecho el informe que suscribían los tres del que se desprendía que reconocieron las fincas objeto de autos, y tasaron de común acuerdo la primera fracción de cuatrocientas sesenta y ocho cuerdas, en veinte y siete mil quinientos treinta y siete dollars, que dá un promedio de cincuenta y un pesos por cuerda; que la segunda fracción de doscientas ochenta y seis cuerdas, la valoraban en cinco mil novecientos treinta y seis dollars, y los establecimientos en tres mil quinientos cuarenta, que dan un total de treinta y siete mil trece dollars; que habían tasado separadamente las ciento seis cuerdas adjudicadas á Da. Isabel Alers, en dos mil doscientos treinta y seis dollars, y en mil doscientos las treinta y ocho cuerdas adjudicadas á la propia Señora: que las treinta cuerdas pertenecientes á Don Segundo Esteves, y la casa, fueron tasadas respectivamente, en novecientos veinte y ocho pesos y cuarenta dollars: que de todos los terrenos pertenecientes á la finca objeto del reconocimiento, los más malos son los adjudicados á la expresada Sra. Alers y su hijo Don Segundo Esteves, los cuales son inservibles para el cultivo; y que la tasación actual es igual á la del año 1901, extremos todos en que convinieron los peritos que practicaron en conjunto la tasación de los terrenos adjudicados á Plaja y Bravo en dos mil cuatrocientos dollars, los de Orfila y Ca., en mil doscientos, valiendo cada cuerda ciento veinte dollars, y los de Da. María Santoni de Aramburu en once mil ciento viente dollars, que dan un promedio de cincuenta y seis dollars por cuerda.

*Resultando*: que los testigos Don Luis Obergh, Don Emilio Mazarredo, y Don Adolfo Molinari, así como los demás que figuran en el acta del juicio oral, declararon en la forma que de dicha acta aparece, reconociendo Da. Herminia Echavarría la firma y rúbrica de una carta constante al folio 174, y que produjo como prueba suya la parte demandada.

*Resultando*: que hechas las alegaciones por las patres, se señaló el día de hoy para la votación de la sentencia que recayó por unanimidad de los Sres. Jueces.

*Resultando*: que en las presentes actuaciones se han cumplido todas las prescripciones del Enjuiciamiento.

Visto, siendo Juez Instructor para la redacción de esta sentencia Mr. James A. Erwin.

Considerando: que sustituída la persona del deudor Don Venancio Esteves y Serrano por su viuda Da. Isabel de Alers y el hijo del matrimonio de ambos, Don Segundo Esteves y Alers, del crédito que dicho primitivo deudor constituyera á favor de Don Félix Echavarría y Conti, debe resolverse en este pleito, si los nuevos deudores han podido dividir la herencia de su causante, sin la citación del acreedor y si esa omisión es fraudulenta y produce la rescisión de la partición celebrada entre los herederos de Don Venancio Esteves y Serrano y otros acreedores de éste.

Considerando: que hipotecada por Da. Isabel Alers y su hijo Don Segundo Esteves la parte indivisa de herencia que les corresponda en los bienes relictos quedados al fallecimiento de su causante Don Venancio Esteves y Serrano por gananciales y herencia, respectivamente, en concurrencia con los demás herederos, á Favor de Don Félix Echevarría y Conti, parecía natural que siendo el derecho de hipoteca limitador del dominio, ó una desmembración del mismo, se contara, como interesado en la herencia, con ese acreedor antes de proceder á la partición, ya porque se le hipotecó una parte de la masa hereditaria, sin determinarse y por lo tanto pudiera ser, acreedor de cualquiera de ella, ya porque su citación envuelva buena fé en la división ya en fin, aunque se diga que dicha citación no es necesaria, en virtud de la alocución con que está redactado el artículo 1083 del Código antiguo, igual en su observancia al 1050 del vigente, porque hubiera evitado lo que expresa ese mismo artículo, es decir, que se hiciera una reclamación en solicitud de que se declarase rescindida por fraude ó perjuicio de derechos.

Considerando: que según el artículo 1073 del antiguo Código, correspondiente al 1040 del vigente, las particiones pueden rescindirse por las mismas causas que las obligaciones, y según el artículo 1290 del viejo Código, correspondiente al 1258 del revisado, los contratos pueden ser rescindidos, entre otros casos, cuando se celebran en fraude de acreedores, y estos no pueden cobrar de otro modo lo que se les deba.

Considerando: que si por este motivo la acción rescisoria es subsidiaria, aparece demostrado que Da. Isabel Alers se presentó en

concurso voluntario, y de la partición hecha por fallecimiento de Don Venancio Esteves y Serrano, resulta que no existen otros bienes que los adjudicados.

Considerando: que la alegación hecha por el Letrado de los actores en el acto del juicio oral, de que la partición es rescindible porque la viuda renunció el usufructo viudal que debió ser hipotecado, no es aceptable porque el usufructo aludido no se puede hipotecar, según el número 7mo. del artículo 108 de la Legislación Hipotecaria, y porque es discutible si puede ó no renunciarse ya que equivale dicho usufructo á una cuota alimenticia, y aún cuando los alimentos de esa naturaleza no admiten tal ó cual renuncia, siempre ocurre que dicha cuota cede exclusivamente á beneficio de la viuda.

Considerando: que consta por modo claro de la prueba, que no hubo equidad en la distribución de la herencia, adjudicándose á Da. Isabel Alers y á Don Segundo Esteves, los terrenos de peor calidad, lo cual no es justo, con menos razón, cuando sobre la totalidad del haber hereditario pesaba una hipoteca á favor de Don Félix Echavarría y Conti, que afectaba la parte indivisa que correspondía á los mencionados Da. Isabel Alers, y Don Segundo Esteves, su hijo.

Considerando: que la Orden General No. 118, en su art. 63, dispone que las costas se impongan siempre á la parte cuyas pretensiones se hubieren totalmente desestimado.

Fallamos: que debemos declarar y declaramos rescindida, la partición celebrada por la Sucesión de Don Venancio Esteves y Serrano, y que fué aprobada por auto de esta Corte, y protocolizada por el Notario de esta ciudad Don Alfredo Arnaldo y Sevilla, por escritura No. 89 de su protocolo, el cuatro de Marzo del año mil novecientos uno, y en su consecuencia que debe practicarse una nueva partición en que haya una distribución equitativa entre los interesados, en cuyo sentido se condena á los demandados á que formalicen otra vez esa partición, con las costas de este juicio á Da. Monserrate, Da. Mercedes y Don Segundo Esteves y Alers, y Da. Isabel Alers y Beauchamps, por sí, y en representación de su hija Da. Rafaela Esteves y Alers.

Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.''

Contra esta sentencia los demandados interpusieron

recurso de apelación para ante esta Corte, el que fué presentado en 23 de Febrero de 1904. El Licenciado Alfredo Arnaldo compareció en representación de los apelantes, y el Sr. Licenciado Don Eduardo Acuña en representación de los apelados; después, en el juicio oral los apelantes fueron representados por el Licenciado Emilio García Cuervo.

Los apelantes fundan su recurso en dos motivos: 1o.— Que el acreedor de uno ó más de los herederos no es parte que puede pedir la rescisión de una partición de herencia debidamente hecha; y 2o.—Que si el acreedor pudiera valerse de tales medios sería necesario que probase que la rescisión es el único remedio legal para obtener una reparación de los perjuicios que se le han causado, lo que este acreedor ha dejado de hacer. Para sostener estas dos proposiciones se hace referencia á las secciones 1000 y 1047 del Código Civil, en apoyo de la primera, y á la sección 1261 del mismo Código, en apoyo de la segunda. La sección 1000 dice así:

"Art. 1000.—Los acreedores particulares del heredero no podrán mezclarse en las operaciones de la herencia, aceptada por éste á beneficio de inventario, hasta que sean pagados los acreedores de la misma y los legatarios; pero podrán pedir la retención ó embargo del remanente que pueda resultar á favor del heredero."

Se notará, al leer esta sección, que se refiere exclusivamente á una herencia aceptada bajo inventario, y no aparece nada en los presentes autos que demuestre que la herencia de Venancio Esteves fué aceptada, bajo tales circunstancias ,por los herederos; en efecto, de lo que aparece en el record, no fué aceptada bajo las citadas circunstancias, y por lo tanto este artículo del Código no tiene aplicación al caso.

El artículo 1047 del Código Civil dice:

"Art. 1047.—La partición hecha con preterición de alguno de

los herederos no se rescindirá, á no ser que se pruebe que hubo mala fé ó dolo por parte de los otros interesados, pero éstos tendrán la obligación de pagar al preterido la parte que proporcionalmente le corresponda.

Se notará que este artículo se refiere clara y expresamente á las particiones en que uno de los herederos ha sido preterido ó excluido, circunstancia que no existe en el caso de autos. Todos los herederos participaron en la partición, y solamente era acreedor el que fué excluído. Por esta razón la última sección reproducida no tiene aplicación al caso.

En cuanto al segundo motivo en que se funda este recurso, es necesario reproducir el artículo 1261 del Código Civil que á la letra dice:

"Art. 1261.—La acción de rescisión es subsidiaria; no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio."

Aparece ciertamente de los autos, que no había otra propiedad del cual podía valerse el acreedor para cobrar el montante de su hipoteca, excepto la que se podía poner aparte para los deudores de la herencia de Venancio Esteves. Es verdad que había una pequeña propiedad que pertenecía personalmente á la Sra. Alers, pero á ésta se fijó en la hipoteca solamente el valor de cincuenta dollars ($50.00), y además, aparece de los autos que dicha Sra. había promovido ante el Juzgado de Aguadilla expediente sobre quita y espera, presentando una lista de acreedores que asciende á ($52,655.80) cincuenta y dos mil, seiscientos cincuenta y cinco dollars con ochenta centavos.

Si los acreedores no podían cobrar el dinero que se les debía mediante ejecución de la hipoteca, no hay nada que demuestre que podían cobrarlo de otra manera.

Por todos los hechos citados quedamos convencidos de

la imposibilidad en que se encontraba el acreedor de cobrar su crédito de manera distinta á las diligencias promovidas por él, ó en otras palabras, que la parte perjudicada no tiene otro remedio legal para obtener una reparación del perjuicio; así es que este motivo del recurso debe declararse mal fundado.

Después de revisar cuidadosamente la sentencia de la Corte inferior, nosotros somos de opinión que es justa y debería confirmarse.

*Confirmada.*

.Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.